UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-13617-RGS

KELLI L. CORBELLE

v.

CAPITAL ONE BANK (USA), N.A.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

January 22, 2026

STEARNS, D.J.

Pro se plaintiff Kelli L. Corbelle filed this lawsuit against Capital One, N.A. (Capital One) (misnamed Capital One Bank (USA), N.A.) in the Chelsea District Court on November 5, 2025. Capital One promptly removed the case to the federal district court.[1]

This case arises out of Corbelle's overdue credit card account with Capital One and her purported attempt to pay off the balance. Corbelle sues

---

[1] Capital One removed the case under 28 U.S.C. § 1331 (federal question), citing 15 U.S.C. § 1640, the Truth in Lending Act, based on the allegations found in Count I of the Complaint. While Massachusetts exempts certain state-based transactions from the Truth in Lending Act, the "ability to bring a federal damages action under 15 U.S.C. § 1640 is preserved despite the Massachusetts exemption . . . ." *Belini v. Washington Mut. Bank, FA*, 412 F.3d 17, 19 (1st Cir. 2005).

Capital One for violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1640 (Count I); breach of contract (Count II); breach of the covenant of good faith and fair dealing (incorporated in Count II); violation of Mass. Gen. Laws ch. 93A (Count III); and violation of the Uniform Commercial Code (Count IV). Compl. (Dkt. # 1-1) ¶¶ 14-25.  As relief, Corbelle seeks compensatory and statutory damages, as well as (1) declaratory relief that her debt is discharged, (2) injunctive relief restraining Capital One from "assessing further charges, fees, or credit reporting," and (3) "any other relief deemed just and proper." *Id.* ¶¶ 1-5.[2]

Capital One moves to dismiss all counts pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the court will allow the motion as to the TILA claim (the sole federal claim) (Count I) and will remand the remaining state-law claims to the Chelsea District Court.

## BACKGROUND

The essential facts, as drawn from the Complaint and viewed in the light most favorable to Corbelle, are as follows.  In December of 2018, Corbelle opened a credit card account with Capital One.  Compl. ¶ 4.  On April 23, 2025, Corbelle sent a document to Capital One purporting to

---

[2] The Complaint labels two paragraphs as Paragraph 1.  This citation refers to Paragraph 1 in the PRAYER FOR RELIEF. Compl. at 9.

contain a payment in the amount of $17,561.38, the outstanding balance on Corbelle's account.[3]  *Id.* ¶¶ 5, 22.  The document instructed that the attached "Voucher/ Coupon" would be "considered accepted once sent, regardless of whether it has been physically received or processed," and should Capital One refuse the payment, "the [debt] obligation will be discharged up to the amount tendered."  *Id.* at Ex. C.  Corbelle alleges that Capital One failed to reject, process, or return the payment.  *Id.* ¶ 6.  On May 8, 2025, Capital One closed Corbelle's account for activity "inconsistent with typical customer account usage" and so notified Corbelle on the same day, adding that she would still be responsible "for paying the full amount of any remaining account balance . . . ."  *Id.* at Ex. D.

On June 3, 2025, Corbelle sent a "Debt Validation Request" to Capital One.[4]  *Id.* ¶ 7.  Corbelle received at least two email responses from Capital One regarding the request.  In pertinent part, these brief emails stated that there was currently a "valid contract" between Capital One and Corbelle, that Capital One did not have a paper or signed copy of Corbelle's credit card application because it had been completed online, and that Corbelle (or an

---

[3] The Complaint does not include the actual payment instrument or images of the instrument that was alleged to be attached to the document.

[4] The Complaint does not specify the contents of the Debt Validation Request.

authorized third-party) disputed the debt on the account. *Id.* at Exs. A and B. Since June, the account balance has continued to accrue interest. *Id.* ¶ 10. Third party credit reports reflect the closure of the account and payment delinquency. *Id.* ¶ 13.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Offering labels and conclusions will not suffice: A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, quoting *Twombly*, 550 U.S. at 557. If the allegations in the complaint are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," the complaint will be dismissed. *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc).

At the motion to dismiss stage, the court may take into consideration "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," in addition to the complaint's plausible allegations. *Schaer v. Brandeis Univ.*, 432 Mass. 474, 477 (2000),

4

quoting 5A Wright & Miller, Federal Practice and Procedure § 1357, at 299 (1990).

## DISCUSSION

### Count I – The TILA

Corbelle seeks statutory damages under the TILA.  Compl. ¶ 15.  The "TILA requires creditors to clearly and accurately disclose terms of credit transactions."  *Carye v. Long Beach Mortg. Co.*, 470 F. Supp. 2d 3, 6 (D. Mass. 2007), citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998).[5] The statute of limitations under the TILA is "one year from the date of the occurrence of the violation . . . ."  15 U.S.C. § 1640(e).

Count I alleges that Capital One "failed to provide required written disclosures of terms and conditions at account origination . . . ."  Compl. ¶ 14. Capital One argues that this claim is time barred, and the court agrees.  *See*

---

[5] While the parties fail to address this issue, Massachusetts is exempted from a TILA provision if "state law establishes substantially similar requirements."  *Philibotte v. Nisource Corp. Servs. Co.*, 793 F.3d 159, 167 n.12 (1st Cir. 2015) (internal quotations omitted).  Because Corbelle fails to allege which provision of the TILA was violated, there can be no analysis of whether the TILA or a parallel provision in Massachusetts law applies. However, even if an exemption applies, at least two elements of the TILA are preserved.  First, "a debtor's ability to bring a federal damages action under 15 U.S.C. § 1640 is preserved . . . ."  *Belini v. Washington Mut. Bank, FA*, 412 F.3d 17, 19 (1st Cir. 2005).  Second, "the federal statute of limitations applies to the federal claim, even where a state exemption applies . . . ."  *Philibotte,* 793 F.3d at 163, citing *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 211 (1st Cir. 2012).

15 U.S.C. § 1640(e). Corbelle's first allegation concerns Capital One's alleged failure to provide written disclosures upon Corbelle's opening the account, which occurred in December of 2018. Compl. ¶ 4. Any claim therefore expired in December of 2019.

There are two remaining TILA-based claims in Count I stemming from activity occurring within the one-year statute of limitations. The Complaint states that Capital One "admitted" that it is unable to produce either (1) a signed credit card application or (2) "complete Truth-in-Lending documentation." *Id.* ¶ 14. Capital One argues that these claims lack the requisite specificity to survive a motion to dismiss. The court agrees. The Complaint fails to identify any provision of the TILA that requires Capital One to produce a signed copy of the credit card application, nor does it explain why the Truth-in-Lending disclosure is deficient. Corbelle did not elaborate on her TILA claims in her opposition brief, nor even mention the TILA. *See generally* Opp'n (Dkt. # 7). The *Twombly-Iqbal* standard requires more than conclusory allegations that the TILA was violated. *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

## ORDER

For the foregoing reasons, Capital One's motion to dismiss Corbelle's TILA claim (Count I) is <u>ALLOWED</u>.  At this early stage of the litigation, the court declines to exercise supplemental jurisdiction over Corbelle's remaining state-law claims.  *See Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998) ("[T]he balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation.").[6]  The Clerk will enter judgment for Capital One on Count I of the Complaint and remand the remaining claims to the Chelsea District Court.

**SO ORDERED.**

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[6] While federal district courts are vested with diversity jurisdiction over state-law claims between citizens of different states, such jurisdiction attaches only where the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  That is not the case here, as is evident on the face of the Complaint.